BAKER, Judge
(concurring in result):
With respect to the appellate delay, I concur in this Court’s conclusion that Appellant suffered actual prejudice as a result of enduring “oppressive incarceration because he has been denied a timely review of his meritorious claim of legal error for over six years while he was incarcerated.” However, I find prejudice on this recognized Barker[1] basis alone, and therefore, I concur in the result.
Although the appellate delay in this case was excessive, the facts are not sufficiently developed for this Court to conclude that a “lack of ‘institutional vigilance’ ” prejudiced Appellant by denying him “his statutory right to the free and timely professional assistance of detailed military defense counsel.” Importantly, if Appellant was prejudiced by a denial of his right to timely counsel, it is not clear how this case is distinguished from the many other cases of appellate delay we have reviewed involving twenty or more defense enlargements for time, where we did not find that the appellants were prejudiced by a denial of their timely right to military counsel and affirmed. As a matter of fairness and principle, like cases should be treated in a like manner.
If there is a difference distinguishing these cases of comparable multiple enlargements, it must reside in defense counsel’s submission of a Grostefon[2] brief in this ease. After twenty-one enlargements of time, appellate defense counsel was given a hard deadline of thirty days in which to file a brief. Appellate defense counsel responded by filing a Groste-fon brief. We do not know whether appellate defense counsel did so at the eleventh hour after a cursory review of the record or, whether she did so after a careful review of the record and the exercise of her best judgment that a Grostefon brief was appropriate.
If appellate defense counsel’s submission of a Grostefon brief is the only event distinguishing this case from other cases involving comparable enlargements of time, we should review counsel’s submission of the Grostefon brief for ineffective assistance of counsel, as opposed to finding prejudice based on a denial of right to counsel.
The appellate delay problem in this case was that the submission of the Grostefon brief was preceded by over 1,700 days of unreasonable and excessive delay in appellate processing. The appellate delay prejudice arises because, consistent with the framework set forth in United States v. Moreno, 63 M.J. 129 (C.A.A.F.2006), Appellant waited six years for his meritorious claim to be heard and addressed.

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. United States v. Grostefon, 12 M.J. 431 (C.M.A.1982).